# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

                Petitioner,          :     Case No. 2:20-cv-5234

     - vs -                           District Judge Sarah D. Morrison
                                       Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
 Judge, Franklin County Court of Common
 Pleas, Domestic Relations Division

                                :
            Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Strike from the Record the Second Order granting Respondent Judge Gill a second extension of time & Respondent Gill's Answer and Petitioner's Motion for Default Judgment (ECF No. 20).

The target of Petitioner's ire is the Magistrate Judge's Notation Order of December 11, 2020 (ECF No. 14) granting Respondent's December 11, 2020, Second Motion for Extension of Time to file her answer (ECF No. 14). The time was extended to December 21, 2020, and Respondent filed her Answer/Return of Writ on that day (ECF No. 19).

Petitioner claims the Notation Order should be stricken "because said order for an extension of time was secured in direct violation of the rules of this court, in violation of the Due Process Clause of the Constitution of the United States, and in a manner which undermines the purpose of Ohio S.D. Rule 7.3 itself." (ECF No. 20, PageID 364).

In support of his Motion, Petitioner asserts that Respondent's counsel emailed him at 5:37

p.m. on December 10, 2020, to seek his consent to an extension (ECF No. 20, Ex. 2, PageID 372). The email indicates Attorney Hiers will be filing a motion for extension the next morning. Petitioner asserts she then did so "around 9:48 A.M." without "*without affording Petitioner any meaningful opportunity to respond.*" *Id.* at PageID 366 (boldface, italic, and underlining all sic).  The complained-of Notation  Order was entered at 2:07 p.m.

Tassone does not indicate that he ever responded to counsel's email of what meritorious objections he had to granting the extension.  Nor does he quantify what he considers a "meaningful opportunity" to respond.  Instead he accuses Attorney Hiers of bad faith and the Magistrate Judge of bias and undue favoritism in granting the extension.

The manner in which Attorney Hiers sought Tassone's consent does not demonstrate bad faith. As a non-attorney, Tassone would not know, but is here advised that Attorney Hiers' method of seeking his consent is perfectly consistent with the method customarily used by attorneys in this Court.

The Magistrate Judge monitors filings in cases assigned to him throughout the day to assure they receive timely attention.  It is not infrequent to receive a motion for extension of time on the last day on which action would have to be taken if the extension were not granted.  Motions for extension of time are usually granted.  Granting this Motion does not exhibit favoritism for Attorney Hiers or Judge Gill, neither of whom I have ever met.

Moreover, Attorney Hiers did more than she was required to do in seeking Tassone's consent.  S. D. Ohio Civ. R. 7.3 provides in pertinent part "Prior to filing any motion for an extension of time, counsel shall consult with all parties (except prisoners appearing *pro se*) whose interests might be affected by the granting of such relief and solicit their consent to the extension." As a habeas petitioner, Tassone is a "prisoner"; his ability to pursue habeas relief depends on his being in custody.  And he is proceeding *pro se*.  Thus, although the Court appreciates Attorney Hiers' courtesy in seeking Tassone's consent, she was not obliged to do so.  S. D. Ohio Civ. R. 7.3

2

does not apply to this case.

Petitioner's Motion to Strike is DENIED as is his Motion for Default Judgment.

December 28, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge