# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

               Petitioner,           :    Case No. 2:20-cv-5234

    - vs -                           District Judge Sarah D. Morrison
                                   Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
  Judge, Franklin County Court of Common
  Pleas, Domestic Relations Division

                               :
              Respondent.

## NOTICE TO PETITIONER RE COMPLETENESS OF THE RECORD

On December 28, 2020, Petitioner filed a Motion to Strike (ECF No. 20) which the Magistrate Judge has denied (ECF No. 21).  However, the Motion to Strike raised an issue which requires separate treatment, to wit, Petitioner's complaint that the record as filed by Respondent is not complete.

The State Court Record as filed by Respondent Gill's counsel has sixteen exhibits, labeled A through P (ECF No. 18, PageID 98-349).  Petitioner complains that there are "substantial portions of the state record missing . . ." (ECF No. 20, PageID 365).  He then gives as an example what he labels as Exhibit 1 to his Motion. *Id.* at PageID 371.  That one-page document purports to be a certificate from Catherine McClure, official court reporter for the Franklin County Court of Common Pleas, that she could not produce on Petitioner's request a transcript of a proceeding before Magistrate David R. Black on June 15, 2018, in the underlying domestic relations case

1

because "no audio recording existed for this date." *Id.* The document appears to be authentic because it bears the October 16, 2020, date stamp of the Clerk of Courts for Franklin County.

The Court's Order for Answer required that the answer conform "to the requirements of Rule 5 of the Rules Governing § 2254 Cases. . . .  Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case." (ECF No. 7, PageID 77).  Thus neither Rule 5 nor the Court's Order required Respondent to file a complete record of all that happened in the state court.  Instead, the Order (which is in this respect the standard order for answer in this Court) requires Respondent's counsel to exercise her judgment in the first instance about what portions of the state court record are "needed to adjudicate this case."

However, neither the Court nor the Petitioner are bound by Respondent's counsel's determination.  Rule 7 of the Rules Governing Section 2254 Cases authorizes the Court, either *sua sponte* or on motion, to expand the record with "additional materials relating to the petition."

Respondent's Return of Writ was filed December 21, 2020.  By terms of the Order for Answer, then, Petitioner's reply is due not later than January 14, 2021 (twenty-one days from the date the Return was filed plus three days because he was served by mail.  If Petitioner desires to have the record expanded, he must file a motion to that effect not later than January 11, 2021, accompanied by authenticated copies of any documents he wishes to have added to the record.  The Court sets this deadline so that it will have all relevant documents before it when the case becomes ripe for decision upon the filing of Petitioner's reply.

December 29, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge