# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

        Petitioner,    :    Case No. 2:20-cv-5234

- vs -        District Judge Sarah D. Morrison
        Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
 Judge, Franklin County Court of Common
 Pleas, Domestic Relations Division

        :
        Respondent.

## DECISION AND ORDER ON MOTIONS TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion to Supplement the Record (the "First Motion," ECF No. 33) and Petitioner's Second Motion to Supplement the Record and Memorandum Informing the Court that Petitioner is Entitled to an Evidentiary Hearing and *De-Novo* Review ("Second Motion") ECF No. 34).

In the First Motion, Petitioner seeks to add three items:

> An authenticated copy of a Certificate of Catherine McClure, official court reporter for the Franklin County Court of Common Pleas to the effect that no audio recording existed for a June 15, 2018, hearing before Magistrate David Black in the underlying case between Zephynia Tassone and Petitioner (ECF No. 33-1, PageID 448).

> An authenticated copy of a Notice of Filing of Corrected Record in the Ohio Tenth District Court of Appeals in that court's Case No. 19APF-06-382 showing that the corrected record on appeal in *Tassone v. Tassone* was filed in the Tenth District on July 9, 2019, and notice given to counsel the same day. PageID 449.

1

> A December 31, 2020, certificate of the Franklin County Clerk of Courts authenticating a CD (labeled Ex. 8 by Petitioner) as a true copy of a CD on file with the Tenth District in Case No. 19AP-382. PageID 340.

These are all documents that have been created in or in relation to the domestic relations case in the Franklin County Domestic Relations Court. However, Petitioner has offered no explanation of why they are necessary for deciding this habeas corpus case.

When the Magistrate Judge ordered the Respondent to answer the Petition, he included in the Order: "the Respondent shall file those portions of the state court record needed to adjudicate this case." Respondent's counsel purported to comply with this portion of the Order by filing 252 pages from the record created in the state courts (ECF No. 18) plus a CD containing audio recordings represented to have been offered by Petitioner and played during a March 7, 2019, hearing (ECF No. 15, PageID 92). The State Court Record as filed contains far more documents than those listed in Rule 5 of the Rules Governing § 2254 Cases. Rule 7 of those Rules provides that the court "may direct the parties to expand the record by submitting additional materials relating to the petition."

It appears that at least in the most general sense the materials submitted with the First Motion "relate to" the Petition in the sense that they have been filed in the underlying case. They have been appropriately authenticated. Accordingly, the First Motion is GRANTED, reserving to Respondent the opportunity, pursuant to Rule 7(c), to object to the correctness or relevance of these materials not later than January 22, 2021.

In the Second Motion Petitioner moves the Court to order:

> the state of Ohio, Respondent, the Franklin County Clerk of Courts, or another appropriate state official, to produce all portions of the state court record that relate to Franklin County Court of Common Pleas, Division of Domestic Relations Case Number 17DR004399 and the order for an evaluation of Petitioner, to include all transcripts, pleadings, and other filings in any court of Ohio.

As grounds therefor, Petitioner asserts that 28 U.S.C. § 2254 provides:

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(Second Motion, ECF No. 34, PageID 454). The quoted language is the text of 28 U.S.C. § 2254(f).

Because most habeas petitioners are confined to prison and are found to be indigent, the Court automatically orders the State to produce the necessary parts of the state court record with its answer, as the Court did in this case. However, it is common for state court cases to generate many papers that are not necessary for determination of a later habeas corpus case. Here the petitioner demands production of "all portions" of the state court record. The Second Motion is therefore denied for the following reasons:

First, although Petitioner claims he has been found indigent on multiple occasions in the state courts, he has not produced proof of those findings, nor has he sought or received *in forma pauperis* status in this Court.

Second, Petitioner has not shown that "all portions" of the state court record, particularly those not already filed by Respondent, are necessary for decision of this habeas corpus case. Petitioner asserts he "has and continues to challenge the sufficiency of the evidence adduced in the state court." (ECF No. 34, PageID 454).

Third, Petitioner pleads the following grounds for relief:

> **Ground One**: Actual innocence

3

> **Ground Two**: The Order which led to Petitioner's imprisonment is void under Ohio Law.
>
> **Ground Three:** The underlying order which the state sought to enforce via imprisoning petitioner was obtained via extrinsic fraud and is not subject to enforcement as it is void.
>
> **Ground Four:** The underlying order that led to contempt proceedings was obtained in violation of the Federal & Ohio Constitutions.

(Petition, ECF No. 1, PageID 5-10).  As can readily be seen by inspection, Petitioner has not raised a claim for relief under *Jackson v. Virginia*, 443 U.S. 307 (1979), that his conviction for contempt is not support by sufficient evidence.  Accordingly, the Second Motion is DENIED.

As part of the Second Motion, Petitioner claims he is entitled to an evidentiary hearing and de novo review of his claims.  However, because he indicates he will develop these claims "in a separate motion" (ECF No. 34, PageID 456), the Court's consideration of those matters will be postponed until the separate motion has been filed.

January 13, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

4