## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

                     Petitioner,          :    Case No. 2:20-cv-5234

     - vs -                          District Judge Sarah D. Morrison
                                      Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
 Judge, Franklin County Court of Common
 Pleas, Domestic Relations Division

                                 :
                  Respondent.

---

## REPORT AND RECOMMENDATIONS ON SANCTIONS

---

On December 30, 2020, the Magistrate Judge ordered Petitioner to Show Cause why he should not be sanctioned under Fed.R.Civ.P. 11 for filing a document in which he labeled the undersigned "a scum bag magistrate." (ECF No. 28, referencing ECF No. 27 at PageID 405).

Petitioner responded not once but twice. In his January 5, 2021, Response, Petitioner doubles down on his use of the offending language. He recites "Mr. Merz, a scumbag, has ordered Petitioner to show cause as to why Petitioner should not be sanctioned for referring to Mr. Merz as a scum bag. Petitioner stands by his contention that Mr. Merz is a scum bag." (ECF No. 31, PageID 437). He concludes his first Response thus:

> A scum bag is defined as a contemptible or objectionable person. A magistrate who lies is, at the very least, objectionable. Mr. Merz was exposed as a liar because of Petitioner, not in spite of Petitioner. It was Petitioner who alerted the clerks to the false statements in the order issued by Mr. Merz, it was Petitioner who exposed Mr. Merz as a liar in the record. Rather than accept responsibility, Mr. Merz has decided to act like a coward and retaliate against Petitioner in a

1

> passive-aggressive manner via filing various things. But it was the
> stupidity and dishonesty of Mr. Merz that began this course, not
> Petitioner.

*Id.* at PageID 438.  Thus he has added the labels "liar" and "coward" to his epithets.

Not content with his first Response, Petitioner filed a Second Response the next day,

January 6, 2021 (ECF No. 32).  Here he repeats the insult five times in the first paragraph:

> Mr. Merz, *a scum bag,* has ordered Petitioner to show cause as to
> why Petitioner should not be sanctioned for referring to Mr. Merz as
> a *scum bag*, even though Mr. Merz is a scum bag. Petitioner stands
> by his contention that Mr. Merz is a scum bag because; after all, Mr.
> Merz is a *SCUM BAG.* Petitioner will not abide by any order for
> sanction against Petitioner.

*Id.* at PageID 441 (emphasis in original).  Tassone repeats the epithet at paragraph five of his

Second Response and then adds insult to insult by asserting that in issuing the Order to Show

Cause, "Mr. Merz is just throwing a fit like a big, fat man-baby." *Id.* at PageID 442.

> 7. A scum bag is defined as a contemptible or objectionable person.
> A magistrate who lies (as Mr. Merz has) is at the very least,
> objectionable. Mr. Merz was exposed as a liar because of Petitioner,
> not in spite of Petitioner. It was Petitioner who alerted the clerks to
> the false statements in the order issued by Mr. Merz, it was
> Petitioner who exposed Mr. Merz as a liar in the record. Rather than
> accept responsibility, Mr. Merz has decided to act like a coward and
> retaliate against Petitioner in a passive-aggressive manner via filing
> various things to intimidate & harass Petitioner, however, Petitioner
> cannot be intimidated by any man on earth, let alone a weak, fat,
> man-baby. In any case, *it was the stupidity and dishonesty of Mr.
> Merz that began this course, not Petitioner.*
>
> 8. Finally, this is a different era, the courts and the government no
> longer command blind respect; nor will Petitioner, a man who has
> actually served to preserve & defend the Constitution, respect a
> magistrate who lies from the bench, in utter disrespect towards the
> Constitution. You're a liar, Mr. Merz, and you can't stand the fact
> that someone with more courage than you or your colleagues stood
> up to you and called you out.

*Id.* at PageID 442-43 (emphasis in original).

Thus, instead of apologizing and withdrawing the offensive comment, Tassone has repeated the insult and added to it by calling the Magistrate Judge a coward, a liar, and a "weak (or "big") fat man-baby."  Importantly, he proclaims he "will not abide by any order for sanctions" (Response, ECF No. 32, PageID 441).

## Analysis

Fed.R.Civ.P. 11 provides in relevant part:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tassone invites the Court to assess his language as a factual allegation under Rule 11(b)(3).  In effect, he asserts he was justified in calling the Magistrate Judge a scum bag because the Magistrate Judge is a scum bag (Response, ECF No. 32, PageID 441).  But that is not an allegation of fact; it cannot be tested by measuring the characteristics of the Magistrate Judge against any known

criterion of factual truth.  If it were alleged that the Magistrate Judge was deciding issues against Petitioner because he always favored women in domestic relations cases or even that he had horns growing out of his head, those allegations could be tested by accepted criteria of truth:  take a photograph or examine past decisions.  Instead, Tassone says the insult is true because he says it is true:  he believes the Magistrate Judge is a contemptible person and asserts he is free to apply what he regards as an appropriate insulting label.

Instead of evaluating Tassone's conduct under Rule 11(b)(3) as a factual allegation, the Magistrate Judge believes it should be evaluated under Rule 11(b)(1) as conduct intended to harass. It certainly has that effect and it does nothing to advance the resolution of the case on its merits. Its repetition proves it was not inadvertent.  It is therefore sanctionable under Rule 11.

The Court must not allow its docket to be treated like a social media platform where "anything goes."  To allow Tassone's conduct to go unsanctioned would give the lie to the Statement on Civility with which our Local Rules begin:

> **Common courtesy.** In everyday life most people accord each other common courtesies.  Ordinarily these include: politeness in conversation, respect for others' time and schedules, and an attitude of cooperation and truthfulness. Involvement in the legal system does not diminish the desirability of such conduct. An opposing litigant, a lawyer who represents that litigant, or a Judge who decides an issue has not thereby forfeited the right to be treated with common courtesy.

A sanction under Rule 11(c)(4) "must be limited to what suffices to deter repetition of the conduct. . . ."  Tassone has represented in other filings that he is indigent, although he has never presented proof of indigence to this Court.  There is no point in imposing a monetary penalty on a person who cannot pay and satellite proceedings to inquire into Petitioner's ability to pay would needlessly prolong the litigation at significant cost to the Court.

Instead, the Court should give Petitioner an opportunity to correct his violations.  It should

order him to withdraw forthwith the initial offensive document (ECF No. 27) and his two

Responses to the Order to Show Cause (ECF Nos. 31 and 32) and file a written apology for his

use of the offensive language.  If he fails or refuses to do so within ten days of the District Judge's

ruling on this recommendation, as he has threatened to do, then his Petition should be dismissed

with prejudice.  Petitioner should also be cautioned that his insulting conduct, in the opinion of the

Court, constitutes criminal contempt of court, which can be punished by fine and/or imprisonment.


January 21, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.


## NOTICE REGARDING RECORD CITATIONS


The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**