# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

        Petitioner,    :    Case No. 2:20-cv-5234

  - vs -        District Judge Sarah D. Morrison
                Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
 Judge, Franklin County Court of Common
 Pleas, Domestic Relations Division

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 18), the Return of Writ (ECF No. 19), and Petitioner's Reply (ECF No. 36).

       Petitioner pleads that he has been convicted of contempt of court by Respondent Elizabeth Gill, a Judge of the Domestic Relations Division of the Franklin County Court of Common Pleas and seeks relief from that judgment (Petition, ECF No. 1, PageID 1). He appealed to the Ohio Tenth District Court of Appeals which affirmed the trial court. *Id.* at PageID 2. The Supreme Court of Ohio then declined appellate jurisdiction and Tassone filed his Petition in this Court on October 5, 2020.

Tassone pleads the following grounds for relief:

>**Ground One:**  Actual Innocence
>
>**Ground Two:**  The Order which led to Petitioner's imprisonment is void under Ohio law.
>
>**Ground Three:**  The underlying order which the state sought to enforce via imprisoning petitioner was obtained via extrinsic fraud and is not subject to enforcement as it is void.
>
>**Ground Four:**   The underlying order that led to contempt proceedings was obtained in violation of the Federal & Ohio Constitutions.

(Petition, ECF No. 1).

# Analysis

**Custody and Jurisdiction**

A habeas petitioner must be in custody to invoke federal habeas jurisdiction.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).

A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Louisville & Nashville R. Co. v. Mottley,* 211 U.S.

149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)).

Because jurisdiction is a threshold issue that the Court is required to consider *sua sponte*, the Magistrate Judge did so in conducting the initial review under Rule 4 of the Rules Governing § 2254 Cases and concluded as follows:

> Upon initial review, it appeared that Petitioner might not have standing to invoke this Court's habeas corpus jurisdiction. When asked by the form petition to list his present place of confinement, he lists "future confinement – location unknown." (ECF No. 1, PageID 1). Although he lists Judge Gill as the Respondent, it is not the practice in Ohio for judges to take personal custody of litigants. Finally, he lists as his address 1595 East Weber Road Columbus, OH 43211 which does not appear to be a place of confinement maintained by the Franklin County Sheriff or the Ohio Department of Rehabilitation and Corrections. The Magistrate Judge accordingly ordered Tassone to amend his Petition to show jurisdiction by showing how he was in custody.
>
> Petitioner has now done so by asserting that he is enlarged on bond from a seven-day contempt sentence pending decision of state and federal remedies for the underlying contempt conviction. Although he has not attached documentation to show the custody, that is not required in an initial pleading. Under *Hensley v. Municipal Court,* 411 U.S. 345 (1973), Tassone appears to be sufficiently in custody to invoke federal habeas corpus jurisdiction.

(Order for Answer, ECF No. 7, PageID 76-77).

Respondent contests this initial finding (Return, ECF No. 19, PageID 355-56). Respondent correctly points out that Petitioner is not released on bond. Rather he is at large on the contempt conviction with an opportunity to purge his contempt by participating in the evaluation Judge Gill

3

has ordered. So far as this Court is informed, Petitioner has not submitted to the evaluation so as to purge the contempt and Judge Gill set no time limit on the purge.[1] *Hensley v. Municipal Court,* 411 U.S. 345 (1973), on which the Court relied, is not a perfect fit as a precedent because it deals with persons released on bond. However, *Hensley's* logic has been extended to persons on parole or probation. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). Given that Petitioner could be arrested and committed at any time[2], the Magistrate Judge concludes he is sufficiently in custody to satisfy the habeas jurisdictional requirement.

**Procedural Default**

Respondent asserts Tassone's claims are procedurally defaulted by his failure to present them as federal constitutional claims to the Ohio courts (Return of Writ, ECF No. 19, PageID 356-57).

On direct appeal to the Tenth District Court of Appeals, Tassone raised the following assignments of error:

> [*P7] Appellant appeals and assigns the following seven assignments of error for our review:
>
> [I.] The trial court's September 28th, 2018 Court Order was obtained through extrinsic and collateral fraud; therefore, the trial court abused its discretion and violated Mr. Tassone Due Process Rights in enforcing said order.

---

[1] This Court has not been asked to stay execution of the contempt conviction. Absent such a stay, Judge Gill is obviously completely free to enforce her order.
[2] Assuming he has not purged himself of contempt since he filed the Petition here.

> [II.] The Court's September 28th, 2018 Order Ordering a "custodial evaluation" is void and not subject to enforcement.
>
> [III.] The Court's May 16th, 2018 [sic; should be 2019] Order Finding Mr. Tassone in Contempt of Court is void.
>
> [IV.] The trial court erred and abused its discretion in enforcing the court's September 28th, 2018 void Court Order.
>
> [V.] The trial court erred and violated Defendant's Due Process Rights insomuch as the trial court refused to permit Mr. Tassone to call Magistrate David Black as a witness to testify in the contempt proceedings.
>
> [VI.] The court erred and abused its discretion in finding Mr. Tassone in contempt as a means to force Mr. Tassone to Comply with The September 28th, 2018 Order for which the Contempt Proceedings were commenced because the September 28th, 2018 order was rendered moot and voided by the trial court prior to the court seeking to enforce said order in contempt proceedings.
>
> [VII.] The Court abused its discretion and did not provide proper notice to Defendant regarding the contempt proceedings because the Court had sought to enforce its new Order appointing Dr. Asfarad [sic] as an evaluator, despite the fact that the contempt proceedings were commenced, and the notice given, was with respect to the trial court's September 28th, 2018 Order.

*Tassone v. Tassone,* 2020-Ohio-3151 (Ohio App. 10th Dist. Jun. 2, 2020).

As can be readily seen, Tassone made no claim of actual innocence on direct appeal. To the extent Ground One states a claim for habeas relief, it is procedurally defaulted by Tassone's failure to present it at all to the Tenth District.

Tassone asserts that to the extent there was any failure on his part to present his case to the Ohio courts, it is excused by the efforts of Judge Gill, Magistrate Black, and his spouse's attorney to frustrate the process. He uses inflammatory language to make this point, accusing those persons of lies, deceit fraud, etc. The Tenth District summarized this argument as follows:

> [*P16] Appellant argues the September 28th evaluation order was procured through fraud and misrepresentation. Appellant claims that

5

appellee's counsel and the magistrate misrepresented the nature of the evaluation sought, thereby preventing appellant from adequately preparing his defense against the motion. Appellant argues this constituted a denial of due process.

*Tassone, supra.*

But Tassone offered the Tenth District no evidence of fraud, deceit, or misrepresentation. His sole argument that appears to have some support in the record is that there is no recording of the June 15, 2018, hearing before Magistrate Black, although state rules of procedure call for recording such proceedings. But that was not the only omission from the direct appeal record. As the Tenth District found:

> [*P21] The record in this appeal is incomplete and prevents us from fully reviewing appellant's assertions. Appellant has not filed a transcript of the June 15, 2018 hearing where the magistrate requested clarification of appellee's motion for psychological examination. Additionally, appellant filed only a partial transcript of the July 17, 2018 hearing on the motion for psychological examination, and the brief excerpt contained in that partial transcript involved appellant's cross-examination of appellee related to claims she had concerns about the welfare of the minor child when in appellant's care. Absent other evidence, we are left with the magistrate's description of the proceedings as contained in the September 28th evaluation order. As explained above, that description indicates the magistrate sought and obtained clarification of the nature of the relief sought under appellee's motion or psychological examination prior to the hearing on that motion. Thus, appellant has failed to demonstrate that the September 28th evaluation order was fraudulently obtained. Based on the incomplete record before us, we cannot conclude the magistrate erred by finding appellant had adequate notice regarding the nature of the examination requested. Further, we cannot conclude the magistrate abused his discretion by ordering appellant to submit to a psychological evaluation pursuant to R.C. 3109.04(C).

*Tassone, supra.* Tassone has explained the absence of a transcript of the June 15, 2018, hearing: there was either no recording made or it has been lost[3]. But where was the transcript of the July

---

[3] Tassone's claim that it was deliberately destroyed is utterly without evidence.

17, 2018, hearing which it was his duty to have prepared and filed? The Ohio rule requiring an appellant to have the lower court transcript prepared and filed is an independent and adequate state rule of procedure enforced against Tassone as to the July 17, 2018, hearing. To the extent Tassone's claims depend on evidence he could have presented to the Tenth District but did not, he has procedurally defaulted those claims and has not shown excusing cause and prejudice.

**Cognizability**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Respondent correctly asserts that Tassone's Ground One: Actual Innocence fails to state a claim on which federal habeas corpus relief can be granted. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Ground Two which asserts that the relevant Order is void under Ohio law on its face only presents a question of state law. To the extent Ground Four asserts the Order violates the Ohio Constitution, that claim is also not cognizable in federal habeas corpus.

**Merits**

The Magistrate Judge believes that Tassone's claim that the September 28, 2018, Order was obtained by fraud, particularly in its assertions of involvement in that fraud by Magistrate Black and Judge Gill, does state a claim of violation of the Due Process Clause.  That is, if a habeas petitioner could prove that state judicial officers defrauded him in entering a court order, that would offend the Fourteenth Amendment.

However, when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Tenth District understood that Tassone was making this claim, but found it was unsupported by the record.  *Tassone, supra*, at ¶¶ 16, 21.  That conclusion is entitled to deference from this Court under 28 U.S.C. § 2254(d)(2).

The basic question in this case of whether the September 28, 2018, order was a valid order enforceable in contempt is a question of state law which the Tenth District has answered definitively in this case.  Tassone has not shown anything about the process by which the Domestic Relations Court arrived at that Order or the Order enforcing it violates the United States Constitution.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 9, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING RECORD CITATIONS**#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the

>PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**