# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MATTHEW TASSONE,

        Petitioner,    :    Case No. 2:20-cv-5234

  - vs -                              District Judge Sarah D. Morrison
                                            Magistrate Judge Michael R. Merz

THE HONORABLE ELIZABETH GILL,
  Judge, Franklin County Court of Common
  Pleas, Domestic Relations Division

                                           :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus case, brought *pro se* by Petitioner Matthew Tassone, is before the Court on Petitioner's motion to hold an evidentiary hearing, captioned Motion for Discovery (ECF No. 46). Petitioner seeks to cross-examine Respondent Judge Gill and her secretary Liz.[1]  Tassone "further requests that this court order the state to produce either certified recordings or transcripts from each and every hearing in which the state court considered Petitioner's Motions for the Preparation of Indigent transcripts."

The Motion is untimely because the case is already pending before District Judge Morrison on Petitioner's Objections (ECF No. 44) and Respondent's Response to those Objections (ECF No. 45) regarding the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (ECF No. 43).  On December 29, 2020, the Magistrate Judge required of

---

[1] The Magistrate Judge apologizes for the informality of the reference, but Petitioner has not furnished a surname for this person.

1

Petitioner that he file any requests to supplement the record not later than January 11, 2021 (ECF No. 23). The Order give the reasons for the deadline: "The Court sets this deadline so that it will have all relevant documents before it when the case becomes ripe for decision upon the filing of Petitioner's reply." *Id.* at PageID 380.

Holding an evidentiary hearing of the scope Petitioner proposes is precluded by the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011), which requires that when a state court has decided an issue on the merits, the habeas court is limited to the record before the state courts unless it finds a violation of 28 U.S.C. § 2254(d)(2).

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Tassone has not met his burden of showing that the discovery he seeks is material. He has pointed to no constitutional law decision holding that an indigent litigant is entitled to free transcripts of hearings. The closest precedent would be *Griffin v. Illinois*, 351 U.S. 12 (1956), where the Supreme Court held a transcript must be provided free to an indigent appellant when the

2

appellate court requires a transcript for appeal. Here the Ohio appellate rules provide an alternative. Tassone provides academic literature about the fallibility of memory, but no proof his memory is any worse than average and no authoritative legal source -- statute or appellate court decision -- which suggests the trial courts must deal with memory fallibility by recording everything that happens and then providing free transcripts, particularly transcripts of interlocutory matters.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). Tassone's request for certified recordings or transcripts of hearings on his motions for transcripts appears very much in this category. Tassone does not tell the Court when those hearings occurred or provide copies of his motions. Because Tassone alleges Judge Gill has a policy of not providing such transcripts, it appears he is "fishing" for an admission from the State that no such recordings or transcripts exist because no such hearings were ever held. If there were hearings, they should have been recorded as required by state law. But if they actually happened, Tassone should be able to provide dates from having been there. Due process does not require courts to hold hearings on every motion that is filed. So the issue of transcripts of such hearings or their absence is not material to any dispositive issue in this case.

Petitioner's Motion for Discovery, including an evidentiary hearing, is DENIED.

April 9, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge