IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW TASSONE,

    Petitioner,

v.

THE HONORABLE ELIZABETH GILL,

    Respondent.

CASE NO. 2:20-CV-5234
JUDGE SARAH D. MORRISON

Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On March 10, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 43.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 44.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (Doc. 44) is **OVERRULED**. The Report and Recommendation (Doc. 43) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges a contempt order issued against him for his failure to comply with a September 28, 2019, order requiring him to submit to a psychological examination in connection with a child custody dispute and sentencing him to seven days in jail unless he purges himself of contempt by submitting to the psychological evaluation. (*Decision and Judgment Entry*, Doc. 18.) Petitioner asserts that he is

actually innocent and that the state court unconstitutionally issued the contempt order based on fraud and in violation of state law. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted, in part, and without merit.

Petitioner objects to those recommendations. Petitioner again argues, at length, that the trial court issued its order requiring him to submit to a psychological exam through fraudulent misrepresentations and deceit after advising him at a June 15, 2018, hearing that a custodial evaluation, and not a psychological evaluation, would be sought, and because he later learned that a custodial evaluation necessarily includes a psychological evaluation. On this basis, Petitioner contends that the psychological order is fraudulent and he has been denied due process and a meaningful opportunity to be heard. Petitioner maintains that he has acted diligently in pursuing relief and any failure on his part to preserve the issue for review in these proceedings should be excused in view of its complexity and the lack of any adequate state remedy where state actors lied, the recording of the June 15, 2018 was destroyed or is not available,[1] and he could not present the entire July 17, 2018, hearing transcript to the state appellate court because he is indigent. Petitioner disputes the factual findings of the state appellate court. He argues that the deferential standard of review required under the Antiterrorism and Effective Death Penalty Act ("AEDPA") should not apply. He raises all of the arguments he previously presented.

---

[1]Petitioner's allegation that the transcript of the June 17, 2018, hearing was purposely destroyed is without support.

Petitioner's objections are not well-taken.

As discussed by the Magistrate Judge, Petitioner's claim regarding the alleged violation of state law does not provide a basis for relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). The record does not reflect such circumstances here.

Likewise, Petitioner's claim that he is "actually innocent" does not warrant relief. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation[.]"); *see also Patterson v. Tibbals*, No. 3:16-cv-098, 2018 WL

3957404, at *4 (S.D. Ohio Aug. 17, 2018) (claim of actual innocence fails to state a claim upon which relief can be granted) (citations omitted)).

As to Petitioner's claim that issuance of the state court's psychological order was obtained by fraud, this claim plainly lacks merit. The state appellate court rejected the claim, noting that it had an inadequate record for review due to incomplete or missing transcripts, but that Ohio law nonetheless authorized issuance of the psychological order:

> {¶ 15} Pursuant to R.C. 3109.04(C), in a divorce action involving allocation of parental rights and responsibilities, a trial court may order parents and minor children to submit to medical, psychological, and psychiatric examination. . . .
>
> {¶ 16} Appellant argues the September 28th evaluation order was procured through fraud and misrepresentation. Appellant claims that appellee's counsel and the magistrate misrepresented the nature of the evaluation sought, thereby preventing appellant from adequately preparing his defense against the motion. Appellant argues this constituted a denial of due process.
>
> {¶ 17} In the September 28th evaluation order, the magistrate noted the motion for psychological evaluation as filed was unclear. The magistrate found certain portions of the motion suggested appellee sought an evaluation under R.C. 3109.04, while other portions suggested the evaluation was being sought under Civ.R. 35(A). The magistrate explained the measures taken to clarify this uncertainty:
>
> Prior to the hearing on [the motion for a psychological evaluation], defendant correctly raised concerns about the nature of plaintiff's motion and what exactly plaintiff was seeking: a psychological evaluation vs. a custodial evaluation. At a prior hearing, the court agreed with defendant and questioned plaintiff's counsel as to his intention regarding the motion. The court and defendant were informed that plaintiff was seeking a custodial evaluation and not a psychological evaluation. The court then informed both parties that it would only hear testimony pertaining to a custodial evaluation and that plaintiff was barred from later attempting to request or present evidence concerning a psychological evaluation of defendant.

4

(Footnote omitted; Sept. 28, 2018 Magistrate's Order at 2.)

{¶ 18} The magistrate further noted appellant admitted to having a conversation with the guardian ad litem in the case, who had also sought clarification from appellee's counsel. The guardian ad litem informed appellant that her conversation with appellee's counsel was consistent with the discussion the magistrate held with the parties. Given these circumstances, the magistrate concluded appellant had adequate notice of the matters to be considered at the July 17, 2018 hearing.

{¶ 19} Appellant's primary objection to the September 28th evaluation order appears to arise from a fundamental misunderstanding of the distinction between an examination pursuant to Civ.R. 35(A) and an examination pursuant to R.C. 3109.04(C). Appellant insists "the court has fraudulently misrepresented the [September 28th evaluation] order as something other than a Rule 35(A) psychological evaluation." (Appellant's Brief at 30.) Appellant appears to suggest that a psychological examination could only be ordered pursuant to Civ.R. 35(A).

{¶ 20} Civ.R. 35(A) provides that when the mental or physical condition of a party is in controversy, a court may order the party to submit to a mental or physical examination, upon a motion showing good cause for the examination. The staff notes to Civ.R. 35 indicate that the rule applies to all civil actions. R.C. 3109.04(C), which applies in divorce, legal separation, annulment, or other proceedings relating to the allocation of parental rights and responsibilities for care of a child, provides that "[p]rior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations." Unlike Civ.R. 35(A), R.C. 3109.04(C) does not require that good cause be shown for a mental examination. *Harness v. Harness,* 143 Ohio App.3d 669, 675 (4th Dist.2001). Notably, both Civ.R. 35(A) and R.C. 3109.04(C) permit a mental or psychological examination of an individual. Thus, appellant's apparent suggestion that a psychological examination may only be ordered under Civ.R. 35(A) is incorrect.

{¶ 21} The record in this appeal is incomplete and prevents us from fully reviewing appellant's assertions. Appellant has not filed a transcript of the June 15, 2018 hearing where the magistrate

requested clarification of appellee's motion for psychological examination. Additionally, appellant filed only a partial transcript of the July 17, 2018 hearing on the motion for psychological examination, and the brief excerpt contained in that partial transcript involved appellant's cross-examination of appellee related to claims she had concerns about the welfare of the minor child when in appellant's care. Absent other evidence, we are left with the magistrate's description of the proceedings as contained in the September 28th evaluation order. As explained above, that description indicates the magistrate sought and obtained clarification of the nature of the relief sought under appellee's motion or psychological examination prior to the hearing on that motion. Thus, appellant has failed to demonstrate that the September 28th evaluation order was fraudulently obtained. Based on the incomplete record before us, we cannot conclude the magistrate erred by finding appellant had adequate notice regarding the nature of the examination requested. Further, we cannot conclude the magistrate abused his discretion by ordering appellant to submit to a psychological evaluation pursuant to R.C. 3109.04(C).

{¶ 22} Because we conclude the domestic relations court did not abuse its discretion by ordering appellant to submit to a psychological evaluation pursuant to R.C. 3109.04(C), we overrule appellant's first, second, third, and fourth assignments of error.

*Tassone v. Tassone*, 10th Dist. No. 19AP-382, 2020 WL 2850263, at *1-5 (Ohio Ct. App. June 2, 2020).

While Petitioner disputes the factual findings of the state appellate court, his characterization of the pertinent facts that transpired at the June 15, 2018, hearing do not vary in any significant detail from the facts outlined by the state appellate court. Further, according to the Petitioner, he already has produced all relevant portions of the transcript of the July 17, 2018, hearing. (*Objection*, Doc. 44, PAGEID # 542.) Nonetheless, the record entirely fails to support Petitioner's claim that he was denied due process via fraud or improper notice. The Order complained of indicates that the trial court granted the request for a custodial evaluation under

6

O.R.C. § 3109.04(C) for assistance in determining the best interests of the child. (*Magistrate's Order*, Doc. 18, PAGEID # 133.) ("Both parties and the minor child shall be evaluated in a custodial evaluation. . . including a psychological evaluation of the parties and the minor child (if necessary)"; *see also Decision and Judgment Entry*, Doc. 18, PAGEID # 164 ("the magistrate did not order the evaluations under Civil Rule 35, but. . . under R.C. 3109.04(C).") The guardian ad litem also had filed a request for a psychological evaluation of the Petitioner. (*Magistrate's Order*, Doc. 18, PAGEID # 129.) Petitioner plainly had notice of the requested evaluation. His allegation now to the contrary is specious. (*See also Decision and Judgment Entry*, Doc. 18, PAGEID # 166-69) (outlining the substantial mental and emotional health issues raised by both of the parties). As discussed, the appellate court has determined that the trial court's Order complied with Ohio law. This Court is bound by that determination. *See Gumm v. Mitchell*, 775 F.3d 345, 362 (6th Cir. 2014) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The record does not indicate that the state court's decision denying Petitioner's claim contravened or unreasonably applied federal law, or that it involved an unreasonable determination of the facts in light of the evidence presented.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (Doc. 44) is **OVERRULED**.

The Report and Recommendation (Doc. 43) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). A state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 likewise must obtain a certificate of appealability. *See Settle v. Parris*, No. 20-5734, 2020 WL 7706393, at *2 (6th Cir. Nov. 12, 2020) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001)).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the

petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

      /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**